```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RICHARD VITRANO,
                         Petitioner,        07 Civ. 11236 (JGK)

          - against -                       MEMORANDUM OPINION AND
                                                    ORDER
UNITED STATES OF AMERICA,

                         Respondent.
_____
```

**JOHN G. KOELTL, District Judge:**

The petitioner seeks to vacate a sentence of eight months' imprisonment for a violation of supervised release imposed by then-Chief Judge Mukasey on February 15, 2006 in No. 05 Cr. 1264.  The petitioner relies on 28 U.S.C. § 2255 or a petition for a writ of error coram nobis.

The petitioner argues that the eight-month term of imprisonment, when added to the original term of imprisonment for the underlying offense, exceeds the five-year maximum for a violation of 18 U.S.C. § 371, the underlying offense, by two months.

The petition pursuant to 28 U.S.C. § 2255 is barred because the petitioner failed to appeal the sentence and he has failed to show cause and prejudice why his claim was not raised on direct appeal.  See Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) ("In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for

1

failing to raise the claim at the appropriate time and prejudice from the alleged error."); see also United States v. Frady, 456 U.S. 152, 167-68 (1982); Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993) ("It is well-settled that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom."), abrogated on other grounds by Massaro v. United States, 538 U.S. 500 (2003).

The claim is also barred by the one-year statute of limitations for motions under § 2255, because the petition is dated October 10, 2007, but the conviction for a violation of supervised release became final when the time to appeal the conviction had elapsed, which was on March 14, 2006, ten days after the February 28, 2006 entry of judgment against the petitioner.  See Moshier v. United States, 402 F.3d 116, 118 & n.1 (2d Cir. 2005) (per curiam) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Fed. R. App. P. 4(b)(1)(A) & 26(a)(2) (setting forth time limitations for filing a direct appeal).

The petitioner's claim cannot be brought as a petition for a writ of error coram nobis because "[c]oram nobis is not a substitute for appeal, and relief under the writ is strictly

2

limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and ellipses omitted); see also Chacko v. United States, No. 96 Cr. 519, 2005 WL 1388713, at *2-*3 (S.D.N.Y. June 8, 2005) ("[T]he writ is available only in truly extraordinary circumstances.").

Finally, the claim has no merit. The eight-month sentence was for a violation of supervised release. The petitioner's original sentence on October 2, 1998 included a three-year term of supervised release. When the petitioner violated the terms of supervised release, he could be sentenced to imprisonment, and that term of imprisonment is separate from the term of imprisonment imposed for the underlying conviction. The term of imprisonment for the violation of supervised release may, when combined with the term of imprisonment for the underlying conviction, exceed the statutory maximum for the underlying offense. See 18 U.S.C. § 3583(e)(3); see also United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005); United States v. Wirth, 250 F.3d 165, 170 n.3 (2d Cir. 2001) (per curiam).

CONCLUSION

The application pursuant to 28 U.S.C. § 2255 or for a writ of error coram nobis is **denied.** The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk is directed to enter judgment and to close this case.

SO ORDERED.

Dated: New York, New York
January 12, 2009

_____
JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE